IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY PINCUS, individually and on behalf of all others similarly situated, ) ) ) | CLASS ACTION COMPLAINT |
| ) | JURY DEMANDED |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 16 cv 4705 |
| STARBUCKS CORPORATION, ) ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Stacy Pincus ("Plaintiff"), on behalf of herself and all others similarly situated, and in support of her motion for class certification, states as follows:

### BACKGROUND

Plaintiff, on behalf of herself and all others similarly situated, filed a seven-count Complaint against Defendant Starbucks Corporation ("Starbucks"). *See generally*, Plaintiff's Complaint. Plaintiff alleges that Starbucks unlawfully underfills iced coffee, iced tea, and iced blended specialty drinks crafted by Starbucks employees ("Cold Drinks"), compared to how they are advertised, misleading and injuring consumers in the process. *See id.*

### ARGUMENT

**This Court Should Grant Class Certification and appoint Hart McLaughlin & Eldridge as Class Counsel**

Pursuant to Fed. R. Civ. P. 23, the Court may certify a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact conunon to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately

1

protect the interests of the class. Id. at 23(a). Additionally, a "class action may be maintained if Rule 23(a) is satisfied and if:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Fed. R. Civ. P. 23(b)(1) and (2).

The Court should approve the class sought here. The proposed Class includes:

> All persons in the United States of America who purchased one or more of Defendant's Cold Drinks at any time between April 27, 2006 and the present (the "Class Period").

Pursuant to Fed. R. Civ. P. 23(c)(5), Plaintiffs also seek to certify the following Subclass:

> All Class members who purchased a Cold Drink in Illinois at any time between April 27, 2013 and the present.

### A. All Rule 23(a) Factors Are Met in this Case

This Class and the Subclass meet all the requirements of Rule 23. The class is numerous- it likely includes hundreds of thousands, if not millions, of members, and the subclass likely includes many thousands of members. The class has common issues-including whether the alleged violations occurred, whether each member suffered an injury, *see Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2012), and whether Starbucks' actions violated common law and Illinois

statutory law. The class' representative party has claims that are typical of the class, since here, the claims of the representative party are indistinguishable from each of the putative Class and Subclass members. And finally, the named plaintiff and her lawyers will fairly and adequately protect the interests of the Class. No conflicts exist between counsel and the Class or the named plaintiff and the Class. *See; e.g. In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992) (noting that the adequacy requirement ensures that the class representative and its counsel do not have impermissible conflicts of interest with the settlement class and that the class representative will vigorously prosecute the case on behalf of the Class).

### B. A Class Action is Warranted Under Rule 23(b)(l) and (2)

A class action is also extremely appropriate in this case under Rule 23(b)(l)(A) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants. Given the nature of the allegations, a class action is also appropriate under Rule 23(b)(2), which would require an appropriate injunctive order. Accordingly, the Court should certify the class under both Rule 23(b)(l) and (b)(2).

### CONCLUSION

Based on the foregoing, Plaintiff, Stacy Pincus, on behalf of herself and all others similarly situated, respectfully requests that this Court grant her Motion and certify the proposed Class pursuant to Fed. R. Civ. P. 23.

Respectfully submitted,

BY: /s/ Steven A. Hart
Steven A. Hart, Esq. #6211008
Robert J. McLaughlin, Esq. #6272701
Benjamin M. Shrader, Esq. #
**HART MCLAUGHLIN & ELDRIDGE, LLC**
121 West Wacker Drive, Suite 1050
Chicago, Illinois 60601
312.955.0545
shart@hmelegal.com
rmclaughlin@hmelegal.com
bshrader@hmelegal.com