**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

FILED

MAY 31 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IN RE STARBUCKS CORPORATION MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) MDL No. ____ 16 CV 4705 |

### STARBUCKS CORPORATION'S MOTION FOR COORDINATION OR CONSOLIDATION AND TRANSFER PURSUANT TO 28 U.S.C. § 1407

Defendant Starbucks Corporation ("Starbucks") respectfully requests that the Judicial Panel on Multidistrict Litigation ("Panel") transfer the actions listed in the attached Schedule of Actions, and, if filed, any tag-along actions, to the United States District Court for the Western District of Washington at Seattle for pre-trial coordination. Transfer is appropriate for the following reasons:

1.  There are currently three putative consumer class actions pending against Starbucks in three different districts across the United States: *Strumlauf v. Starbucks Corporation*, (N.D. Cal. Case No. 3:16-cv-01306-TEH)("*Strumlauf*"), *Pincus v. Starbucks Corporation* (N.D. Ill. Case No. 1:16-cv-04705) ("*Pincus*"); and *Crittenden v. Starbucks Corporation*, (S.D.N.Y. Case No. 1:16-cv-03496)("*Crittenden*");

2.  A fourth action was filed May 25, 2016 in the Superior Court of the State of California for the County of Los Angeles, *Forouzesh v. Starbucks Corporation*, Case No. 621572. As of this date, the case remains pending in the Los Angeles County Superior Court. Starbucks has not yet been served with Summons and Complaint. Starbucks intends to remove the case to the United States District Court for the Central District of California. Upon removal, Starbucks will provide notice to the Panel pursuant to Panel Rule 6.2.

Case: 1:16-cv-04705 Document #: 14 Filed: 05/31/16 Page 2 of 4 PageID #:77
Case Pending No. 53   Document 1   Filed 05/26/16   Page 2 of 4

3. The complaints in each of the actions allege that Starbucks misrepresents the quantity of the beverages sold in its cafés on its menu boards and that it under-fills beverages pursuant to uniform policies and standardized recipes. Plaintiffs in each action allege that the cups used by Starbucks are not large enough to contain the amount of beverage identified on its menu boards. In addition, the plaintiffs in the actions allege that it is deceptive to include components of the beverages, including milk foam and ice, in the beverage quantity identified on the menu boards.

4. The *Strumlauf* Plaintiffs seek to represent a putative class of "All persons in the United States who purchased a Starbucks Latte (the 'Class.')." *Strumlauf* Compl. ¶ 31 (Ex. A). The *Strumlauf* Plaintiffs also seek to represent a "subclass of all Class members who purchased a Starbucks Latte in California (the 'Subclass.')." *Id.*, ¶ 32. The Complaint alleges eight causes of action: Breach of Express Warranty, Breach of the Implied Warranty of Merchantability, Unjust Enrichment, Violation of the California Legal Remedies Act, Violation of California's Unfair Competition Law, Violation of California's False Advertising Law, Negligent Misrepresentation and Fraud. *Id.*, ¶¶ 38-92.

5. In *Pincus*, Plaintiff seeks to represent a putative class of "All persons in the United States of America who purchased one or more of Defendant's Cold Drinks at any time between April 27, 2006 and the present (the 'Class')." *Pincus* Compl., ¶ 48 (Ex. B). In addition, Plaintiff seeks to represent "a subclass of all Class members who purchased a Cold Drink in Illinois at any time between April 27, 2013 and the present (the 'Subclass.')." *Id.*, ¶ 49. The Complaint alleges seven causes of action: Breach of Express Warranty, Breach of Implied Warranty of Merchantability, Negligent Misrepresentation, Unjust Enrichment, Fraud,

Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and Violation of the Illinois Uniform Deceptive Trade Practices Act. *Id.*, ¶¶ 58-111.

6. In *Crittenden*, the Plaintiff seeks to represent a putative class of "All persons or entities in New York who purchased lattes and mocha beverages from Starbucks stores located throughout the state of New York from 2010 to the present." *Crittenden* Compl. ¶ 34 (Ex. C). She alleges six causes of action in the Complaint: Breach of Warranty (express and implied), Violation of New York's General Business Law § 349 (unfair competition), Violation of New York General Business Law § 350 (false advertising), Fraudulent Concealment/Fraudulent Inducement, Negligent Misrepresentation and Unjust Enrichment. *Id.*, ¶¶ 46-93.

7. As explained in more detail in the accompanying Memorandum, because these actions involve predominantly the same facts, causes of action and legal theories, are brought only against one defendant, and seek to represent overlapping classes, transfer of these cases pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pre-trial proceedings is appropriate.

8. Absent transfer, the parties will be subject to inconsistent pretrial rulings on substantive matters, duplicative discovery, the possibility of conflicting class determinations, and the inconvenience of litigating the same issues and producing many of the same witnesses and documents in at least three different judicial districts across the United States.

9. Defendant believes that the Western District of Washington is the most appropriate forum because all Starbucks witnesses and all Starbucks corporate records and documents are located at its corporate headquarters in Seattle, Washington and because the Western District of Washington has considerable experience handling complex litigation and MDL proceedings and enjoys favorable docket conditions.

WHEREFORE, Starbucks respectfully request that the Panel grant its motion and transfer these cases to the United States District Court for the Western District of Washington.

Dated: May 26, 2016

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

    By        */s/ Robert J. Guite*
           ROBERT J. GUITE
           SASCHA HENRY
       Attorneys for Starbucks Corporation